ANDREW J. SCHNEIDER, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Schneider v. Commissioner
Docket No. 501-77.
United States Tax Court
T.C. Memo 1978-130; 1978 Tax Ct. Memo LEXIS 389; 37 T.C.M. (CCH) 569; T.C.M. (RIA) 780130; March 30, 1978, Filed Andrew J. Schneider, pro se. Juandell D. Glass, for the respondent. TANNENWALD
MEMORANDUM FINDINGS OF FACT AND OPINION TANNENWALD, Judge: Respondent determined a deficiency of $1,123 in petitioner's income tax for 1973. The sole issue for decision is whether petitioner is entitled to a casualty loss for various items of personal property under section 165. [1]
Petitioner resided in Cincinnati, Ohio, at the time he filed his petition herein. He filed a Federal income tax return for the taxable year involved with the Internal Revenue Service Center, Cincinnati, Ohio. Petitioner lost several items of personal belongings as a result of a tornado and claims a casualty *390 loss of $5,996 therefor. Respondent does not dispute the occurrence of the casualty or the absence of reimbursement. His sole position is that petitioner has failed to prove that the amount of his loss was $5,996, as claimed, or, alternatively, an amount sufficient to entitle petitioner to a deduction larger than the standard deduction of $1,766 allowed in the deficiency notice. Petitioner claimed other itemized deductions of $591 which respondent has not disputed. Also it appears that respondent allowed, and petitioner was prepared to accept, $566 in respect of the casualty loss for all items other than petitioner's contact lenses, technical books, and technical notes and data developed through petitioner's own personal efforts. On the record before us, we are unable to say that the amount of the lesser of cost or fair market value of the excluded items was in excess of $509. Such an amount, when added to the other items of deduction mentioned above, would be the minimum required to entitle petitioner to itemize deductions in excess of the standard deduction allowed in the deficiency notice. Accordingly, we hold that petitioner has not carried his burden of proof and sustain *391 respondent's determination. Decision will be entered for the respondent. Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended and in effect during the taxable year in issue.↩